# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LISA RUSSELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-21-551-AMG |
| ) | |
| **KILOLO KIJAKAZI, Acting** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Lisa Russell ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and supplemental security income ("SII") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f. (Doc. 1). The Commissioner has answered the Complaint and filed the Administrative Record ("AR") (Docs. 8, 9), and the parties have fully briefed the issues (Docs. 11, 18).[1] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 13, 14). Based on the Court's review of the record and issues presented, the Court **AFFIRMS** the Commissioner's decision.

---

[1] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

**I.     The Disability Standard and Standard of Review**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment. 20 C.F.R. §§ 404.1521, 416.921; *see* 20 C.F.R. §§ 404.1502(a), 404.1513(a), 416.902(a), 416.913(a). A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is

engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[2] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure.  *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).  If the plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience."  *Id*.  "The claimant is entitled to disability benefits only if [Claimant] is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence."  *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted).  Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d

---

[2] RFC is "the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a)(1).

1080, 1084 (10th Cir. 2007). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotation marks and citation omitted). A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

**II.     Procedural History**

Plaintiff filed applications for DIB and SSI on June 20, 2019, and July 19, 2019, respectively, alleging a disability onset date of September 21, 2018. (AR, at 64, 66). The SSA denied the applications initially and on reconsideration. (*Id*. at 163-66, 167-71, 174-79, 180-84). Then an administrative hearing was held on October 5, 2020. (*Id*. at 30-62). Afterwards, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (*Id*. at 9-29). The Appeals Council subsequently denied Plaintiff's request for review. (*Id*. at 1-6). Thus, the ALJ's decision became the final decision of the

Commissioner. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

## III. The Administrative Decision

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 21, 2018, the alleged onset date. (AR, at 16). At Step Two, the ALJ found that Plaintiff had the following severe impairments: "fibromyalgia, osteoarthritis/degenerative joint disease of the knees and hips, morbid obesity, a history of rheumatoid arthritis, and mental conditions variously diagnosed as PTSD with social anxiety, panic disorder, and agoraphobia." (*Id.*) At Step Three, the ALJ found that Plaintiff had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id.* at 16-17). The ALJ then determined that Plaintiff had the RFC to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except can stand and/or walk a total of 4 hours in an 8-hour day; can frequently balance and stoop; can occasionally kneel, crouch, crawl and climb stairs and ramps; can never climb ladders, ropes or scaffolds; can understand, remember and carry out simple instructions and make simple work-related decisions; can occasionally interact with supervisors and co-workers but have no interaction with the public; can adapt to work situations.

(*Id.* at 18). Then, at Step Four, the ALJ concluded that Plaintiff was unable to perform any of her past relevant work. (*Id.* at 22). At Step Five, however, the ALJ found when "[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform" such as a document preparer, production inspector, and table sorter.

(*Id*. at 23-24). Thus, the ALJ found that Plaintiff had not been under a disability since September 21, 2018. (*Id*. at 24).

## IV.     Claims Presented for Judicial Review

On appeal, Plaintiff raises one issue, that "[t]he ALJ ignored significantly probative evidence of [Plaintiff's] stress and the limitations that result, which renders [the ALJ's] RFC unsupported by substantial evidence." (Doc. 11, at 3) (capitalization altered).

In response, the Commissioner argues that the RFC was supported by substantial evidence and adequately accounted for evidence and a medical opinion regarding Plaintiff's stress and panic issues. (Doc. 18, at 7-12).

## V.      The ALJ's Formulation of the RFC With Regard To Plaintiff's Mental Impairments Is Supported By Substantial Evidence.

The ALJ considered Plaintiff's entire record and found that Plaintiff has severe mental impairments "variously diagnosed as PTSD with social anxiety, panic disorder, and agoraphobia." (AR, at 16-17). She considered the four broad areas of mental functioning set out in the disability regulations for evaluating mental disorders, the "paragraph B criteria," and determined that Plaintiff has moderate limitations in understanding, remembering, or applying information, and in interacting with others; and mild limitations in concentrating, persisting, or maintaining pace, and in adapting or managing oneself. (*Id*. at 17).

Indeed, Plaintiff's medical records reflect that she was diagnosed as having post-traumatic stress disorder (PTSD), anxiety, and "panic attack[s] as reaction to stress." (*See, e.g.*, AR, at 646, 653, 657), and that she reported having anxiety attacks "almost daily" that

"can last anywhere from minutes to hours" and that "some times medication will help but other times only time helps." (*See e.g.*, AR, at 643, 648, 651). The ALJ considered these records and others in determining the RFC. (*See* AR, at 21 ("From August through November 2018, the claimant's psychiatric disorders were treat[ed] by non-mental health specialists secondary to primary diagnosis of post-traumatic stress disorder with anxiety, panic disorder, and agoraphobia.")); (*See id*. ("Subsequent to August through November 2018, both mental and non-mental health specialists have followed the claimant with ongoing outpatient psychiatric treatments/evaluations, counseling, and psychotropic medication management to address her complaints of ongoing anxiety, depression, ease of aggravation, racing thoughts, and etc.")). The ALJ also observed that Plaintiff's psychiatric issues "have responded to treatments." (*Id*.); (*See id*. at 673, ARPN Hiebler noting on June 29, 2020, that "[Plaintiff] reports doing much better on the Lamitctal, states her moods are more even. . . . She has not had any panic attacks recently.").

Plaintiff's medical records also include a Mental Medical Source Statement completed by therapist Hope Humphrey dated December 28, 2019. (AR, at 555-59). Ms. Humphrey stated that she was unable to measure Plaintiff's mental ability and aptitudes needed to do unskilled work. (*Id*. at 557). However, she opined that Plaintiff had the mental abilities and aptitudes to do semi-skilled and skilled work. (*Id*. at 558). In particular, Ms. Humphrey noted that Plaintiff was seriously limited (but not precluded from meeting competitive standards) in her ability to deal with the stress of semi-skilled and skilled work and in her ability to interact appropriately with the general public, but that she could satisfactorily maintain socially appropriate behavior. (*Id*.) Ms. Humphrey indicated

7

that Plaintiff finds working within a schedule, working with other people, and working a full day stressful. (*Id*.) In response to the question, "[a]ssuming your patient was trying to work full time, on the average, how often do you anticipate [Plaintiff's] impairments would cause [Plaintiff] to be absent from work?" Ms. Humphrey stated, "unknown." (*Id*. at 559).

      The ALJ summarized and expressly considered Ms. Humphrey's opinion, finding it to be "consistent" with a "partially persuasive" December 2019 consultative psychological evaluation, with both opinions concluding that Plaintiff retains psychiatric abilities to sustain work-related activities. (*Id*. at 21-22). "After careful consideration of the entire record," the ALJ formulated an RFC that accounted for Plaintiff's severe mental impairments with the limitations that Plaintiff "can understand, remember and carry out simple instructions and make simple work-related decisions; can occasionally interact with supervisors and co-workers but have no interaction with the public; can adapt to work situations." (*Id*. at 18).

      Plaintiff's sole argument is that "[t]he evidence shows that [she] is likely going to experience panic attacks as a result of her stress, which is brought on by working within a schedule, and remaining at work a full day" (Doc. 11, at 6), and that the ALJ should have adjusted the RFC to account for these panic attacks with additional unscheduled breaks, or reduced concentration, persistence, or pace, or a stress-free work environment (*id*. at 6-7). This contention simply represents an inference that Plaintiff has constructed from the medical records, an inference that was not drawn by the ALJ, and that is not, in fact, harmonious with the whole of Ms. Humphrey's opinion. Plaintiff's request that the Court remand on the basis of her inference is nothing more than a request to reweigh the evidence,

and this Court must decline that request. *Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016) ("Concluding otherwise would require us to reweigh the evidence, a task we may not perform."). "The ALJ was entitled to resolve [] evidentiary conflicts and did so." *Id*. Indeed, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (internal citations and quotation marks omitted). The ALJ's RFC is supported by substantial evidence regarding Plaintiff's mental impairments.

## VI.  Conclusion

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned **AFFIRMS** the decision of the Commissioner for the reasons discussed above.

**SO ORDERED** this 13th day of June, 2022.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE